**KOLLER LAW LLC**
David M. Koller, Esquire (90119)                                   *Counsel for Plaintiff*
Sarah R. Lavelle, Esquire (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE ALLEN** : | |
| **413 Central Avenue** : | **Civil Action No.** |
| **Oil City, PA 16301** : | |
|       **Plaintiff,** : | |
|             v.   : | **COMPLAINT AND** |
| : | **JURY DEMAND** |
| **HONEYWELL INTERNATIONAL, INC. d/b/a** : | |
| **HONEYWELL SAFETY PRODUCTS,** : | |
| **1345 15th Street** : | |
| **Franklin, PA 16323** : | |
| : | |
| **115 Tabor Road** : | |
| **Morris Plains, NJ 07950** : | |
|       **Defendant.** : | |

### CIVIL ACTION

Plaintiff, Christine Allen (hereinafter "Plaintiff"), by and through her attorney, brings this civil matter against Defendant, Honeywell International, Inc. d/b/a Honeywell Safety Products (hereinafter, "Defendant"), alleging she was subject to unlawful violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), and avers and alleges as follows:

### THE PARTIES

1. Plaintiff is an adult individual domiciled in the above captioned address.

2. Defendant is a producer of personal protective equipment and safety gear with a location at 1345 15th Street, Franklin, PA 16323 and with a corporate headquarters located at 115 Tabor Road, Morris Plains, NJ 07950.

3. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff exhausted her administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

11. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment against Defendant.

12. The Charge was assigned a Charge Number of 533-2017-00930 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

13. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") and that Notice is dated October 16, 2019. Plaintiff received the notice by mail.

14. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

16. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## **FACTUAL SUMMARY**

17. On May 13, 2013, Defendant hired Plaintiff as an Associate Assembler.

18. Plaintiff was well qualified for her position and performed well.

19. At the beginning of January 2017, Jim Brooks, Associate Assembler, began to refer to Plaintiff as "sexy."

20. Plaintiff spoke to a female coworker regarding Mr. Brooks' sexual harassment, who informed Plaintiff that Mr. Brooks had groped her breast.

21. Mr. Brooks' conduct was well known, as Plaintiff's coworkers commented, "he's just like that."

22. In mid-January 2017, Kathy Stalker, Head of Planners, told Mr. Brooks that he could not put inappropriate pictures of himself in his underwear on Facebook.

23. Mr. Brooks responded by pulling his pants down to his ankles.

24. Later that day, Mr. Brooks showed Plaintiff a picture on his phone of him making a snow angel in his underwear. Mr. Brooks informed Plaintiff that this was the picture that Ms. Stalker had been referring to.

25. In or around the end of January 2017, Jim Oschall, Associate Assembler, smacked Plaintiff's buttocks.

26. Plaintiff did not report Mr. Brooks' or Mr. Oschall's sexual harassment because she feared retaliation.

27. Previously, on or around November 16, 2016, a female coworker on a different shift quit after no action was taken following her repeated reports of sexual harassment.

28. This female coworker left notes around Defendant, detailing the sexual harassment she was subjected to and how Defendant did not take any action to address her complaints of sexual

harassment.

29. Upon information and belief, the harasser was a temporary employee in the maintenance department at the time and was hired as a full-time employee after this female coworker quit.

30. On or around February 14, 2017, Mr. Brooks came up behind Plaintiff, grabbed her by the hips and thrust his groin in the air multiple times.

31. Mr. Brooks stated, "Oh this is hot," while he did this to Plaintiff.

32. On or around that same day, Plaintiff called Linda Postman, Human Resource Representative, and reported Mr. Brooks' and Mr. Oschall's sexual harassment.

33. Ms. Postman informed Plaintiff that an investigation would be conducted.

34. However, Defendant continued to schedule Plaintiff to work with Mr. Brooks and Mr. Oschall on the same shift.

35. Due to being forced to work in close proximity and with her harassers, Plaintiff began to call out of work in order to avoid Mr. Brooks and Mr. Oschall.

36. On March 2, 2017, Ms. Postman called Plaintiff back and asked her irrelevant questions regarding the investigation, including, but not limited to, comments Plaintiff had made and if Plaintiff had glared at Mr. Brooks after she reported the sexual harassment.

37. Ms. Postman further informed Plaintiff that the investigation had not yet concluded.

38. On March 3, 2017, Plaintiff discovered that she was scheduled to work with Mr. Brooks and Mr. Oschall in an unsupervised area, as their supervisor was scheduled to be out of the department the entire day.

39. That same day, Plaintiff called Ms. Postman and informed her that she was terminating her employment with Defendant due to the hostile work environment.

40. Plaintiff was constructively discharged.

41. Plaintiff later learned that Defendant completed its investigation and determined that Mr. Brooks and Mr. Oschall had sexually harassed her.

42. However, neither Mr. Brooks nor Mr. Oschall were disciplined or terminated for sexually harassing Plaintiff.

43. In addition, Plaintiff also learned that Lance LNU, Plant Manager, spoke to Mr. Brooks about the sexual harassment investigation and afterwards, Mr. Brooks bragged to other coworkers that he had "nothing to worry about."

## COUNT I – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

44. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

45. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe or pervasive.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

46. The unlawful employment practices outlined above were intentional.

47. Plaintiff suffered tangible employment actions as alleged herein.

48. Defendants knew or reasonably should have known of the sexual harassment.

49. Defendants failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

50. As a result of Defendants' conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

51. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

52. The foregoing conduct created a sexually hostile work environment for Plaintiff.

53. Plaintiff suffered intentional discrimination because of her sex.

54. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

55. The discrimination detrimentally affected Plaintiff.

56. Plaintiff suffered tangible employment actions as alleged herein.

57. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

58. Defendant knew or reasonably should have known of the sexual harassment.

59. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

60. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Christine Allen, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in

controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

                                  RESPECTFULLY SUBMITTED,

                                  **KOLLER LAW LLC**

Date: January 14, 2020

By:    */s/ David M. Koller*
        David M. Koller, Esquire
        Sarah R. Lavelle, Esquire
        2043 Locust Street, Suite 1B
        Philadelphia, PA 19103
        T: (215)-545-8917
        F: (215)-575-0826
        davidk@kollerlawfirm.com
        slavelle@kollerlawfirm.com

        *Counsel for Plaintiff*